OPINION
Defendant-appellant Kenneth R. Leonard appeals from an order finding him to be a sexual predator, pursuant to R.C. 2950.09. Leonard contends that his trial counsel was ineffective in his defense at the sexual predator hearing. He also contends that he was denied due process of law because the judgment entry adjudicating him to be a sexual predator was signed by a judge who neither heard the evidence presented at the sexual predator hearing nor reviewed the transcript of the hearing.
We conclude that Leonard's claim of ineffective assistance of counsel is not supported by the record. However, we agree with Leonard that due process requires that the judge signing the entry adjudicating him to be a sexual predator must either: (1) have been the judge who heard the testimony; or (2) have had a chance to review a transcript of the testimony. Accordingly, the order finding Leonard to be a sexual predator is Reversed, and this cause is Remanded for reconsideration of the sexual offender classification issue, in accordance with this opinion.
 I
In 1995, Leonard was convicted of felonious sexual penetration of a person under the age of thirteen, and was sentenced accordingly.
In June, 2000, a sexual predator hearing was conducted by visiting Judge Robert Brown, on behalf of Judge John Petzold. At the hearing, the State presented the testimony of Mary K. Williams. Williams, who works with the Montgomery County Adult Probation Department, testified that on May 3, 2000 she completed a "House Bill 180 Screening Instrument" in which she recommended that Leonard be designated a sexual predator. The trial court sustained Leonard's objection to the introduction of the Screening Instrument at the hearing. Williams testified that the factors she listed on the screening instrument that she found to be significant regarding Leonard's classification included: (1) the age of the victim who was twelve at the time of the offense; (2) the "fact that the sexual molestation of [Leonard's] developmentally-delayed adopted daughter was over a ten month period of time;" (3) Leonard told the victim that Children's' Services would "take her away" if she told anyone about the offense; (4) the offense involved multiple sexual acts; (5) Leonard minimized the extent of the offense; and (6) Leonard admitted to sexually molesting another daughter.
Leonard also testified at the hearing. He testified that he was still incarcerated, and that he was attending a sex offender program and "Sex and Love Addicted Anonymous" meetings. He further testified that when initially incarcerated, he had requested sex offender counseling and treatment, and had started a program which was later discontinued by the prison. He then began to receive counseling from the prison chaplain. He also testified that he had done research on the issue of sex offenders. Leonard testified that he accepted responsibility for the offense, and that he had developed greater restraint since he committed the offenses.
Following the hearing, Judge Brown completed and signed a document entitled "Explanation of Duties to Register as a Sex Offender." The document contained the following section:
 1. You have been convicted of or plead guilty to a sexually oriented offense as defined in ORC 2950.01
and you are one of the following (CHECK ONE):
X Sexual Predator ****
The remainder of the document apprised Leonard of sex offender registration requirements for sexual predators.
Thereafter, on June 21, 2000, Judge Petzold filed an Entry and Order adjudicating Leonard to be a sexual predator. Leonard appeals from this order.
 II
Leonard's First Assignment of Error is as follows:
 THE ENTRY AND ORDER OF THE LOWER COURT FINDING APPELLANT TO BE A SEXUAL PREDATOR SHOULD BE REVERSED IN THAT APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION.
Leonard contends that his trial counsel was ineffective. Specifically, he claims that counsel incorrectly stated the burden of proof required for a sexual predator finding, and that counsel failed to request an updated psychological report.
When a defendant raises a claim of ineffective assistance of counsel, a two-step process is involved. The first issue is whether counsel has violated any essential duties to his client. The second issue is whether the defendant was prejudiced by counsel's ineffectiveness. State v. Bradley (1989), 42 Ohio St.3d 136, 141-42; Strickland v. Washington (1984), 466 U.S. 668.
When determining the ineffectiveness of counsel's performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Bradley at 142. Courts must begin with a strong presumption that counsel's performance was professionally reasonable. Id.
Even if counsel commits a professionally unreasonable error, the judgment will not be set aside unless the error had an effect on the outcome of the trial. Id. "To warrant reversal, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id.
Leonard first contends that his counsel was ineffective because he cited the wrong burden of proof during the sexual predator hearing. A review of the record indicates that during closing argument, defense counsel made the following statement: "I would submit to the Court that in looking at the factors the legislature created on this, the State has failed to offer by a preponderance of the evidence a sufficient justification for labeling Mr. Leonard as a sexual predator, the worst of the three classifications."
A finding that a defendant is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09. While defense counsel did misstate the evidentiary burden placed on the State, we cannot say that but for his misstatement the outcome would likely have been different. The argument that the State had failed to prove the issue by a preponderance of the evidence perforce argues that it had failed to prove it by clear and convincing evidence, and there is nothing in the record to suggest that the trial judge was misled into thinking that the State's burden was by a preponderance of the evidence. Since all reasonable presumptions consistent with the record will be indulged in favor of validity of the judgment under review and of regularity and legality of proceedings below, we presume that the trial court utilized the correct standard. Cincinnati v. Duhart (1974), 41 Ohio App.2d 127, 129. Indeed, we note that in the decision adjudicating Leonard to be a sexual predator, the correct burden is cited.[1]
Leonard next argues that counsel was ineffective for failing to request an updated psychological examination.[2] He contends that the trial court "must have relied heavily" on the 1995 report, and that "more current psychological information" would have been helpful in the determination of whether he was likely to commit the same type of offense in the future.
The prior psychological report indicated that Leonard had "very little insight into his molest [sic] behaviors." It appears, from a review of the transcript, that defense intended to rebut the five-year-old, stale examination report with Leonard's testimony. Specifically, Leonard's testimony that he had gained greater insight into the problem, and that he had sought, and received, treatment therefor, directly rebutted the statements in the report. Defense counsel may have made a strategic decision not to cause an updated psychological evaluation to be performed, which might have been both adverse and more difficult for Leonard to rebut with his testimony.
From our review of the record, we cannot say that counsel's performance was unreasonable or that it prejudiced Leonard's defense. Accordingly, Leonard's First Assignment of Error is overruled.
 III
Leonard's Second Assignment of Error provides:
 APPELLANT, KENNETH R. LEONARD, WAS DENIED DUE PROCESS OF LAW IN THAT THE JUDGE WHO ISSUED THE ORDER FINDING APPELLANT TO BE A SEXUAL PREDATOR WAS NOT THE JUDGE WHO HEARD THE TESTIMONY AND IT APPEARS FROM THE RECORD THAT THE JUDGE WHO ISSUED THE DECISION FINDING APPELLANT TO BE A SEXUAL PREDATOR DID NOT HAVE THE BENEFIT OF A TRANSCRIPT TO REVIEW IN MAKING ITS DETERMINATION.
In this assignment of error, Leonard argues that he was denied due process of law because visiting Judge Brown heard the evidence presented at the sexual predator hearing while Judge Petzold, without either having heard the evidence or having reviewed a transcript of the evidence, signed the order adjudicating Leonard to be a sexual predator.[3] The State argues that Judge Brown, via the document entitled "Explanation of Duties to Register as a Sex Offender," adjudicated Leonard to be a sexual predator, and the mere fact that Judge Petzold signed the actual order does not constitute a violation of Leonard's due process rights.
Sexual offender classification hearings are civil in nature. State v. Gowdy (2000), 88 Ohio St.3d 387, 398, citation omitted. Therefore, the rules of civil procedure are applicable. Civ.R. 58(A) requires that "*** the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal." We have stated that "it is reasonably clear from the above quoted language and from the provisions of Civ.R. 63 that `the court' means the judge who conducted the trial." Slep v. Slep (Dec. 12, 1990), Montgomery App. No. 11903, unreported. In this case, the judge who conducted the trial was not the judge who signed the judgment. Furthermore, the judge who signed the judgment did not have access to the transcript in order to determine whether the evidence supported his findings.
We find the State's argument in this regard unpersuasive. While the Explanation of Duties to Register as a Sex Offender signed by Judge Brown does indicate that Leonard was convicted of a sexual offense and was found to be a sexual predator, this document is simply a form document to inform defendants of their duties under the registration laws. It does not appear to be an order adjudicating the sexual offender classification issue, and the subsequent entry of an order adjudicating Leonard to be a sexual predator leaves no doubt that the earlier document was not intended to constitute the adjudication order.
We conclude that the trial court erred by entering judgment in a case in which the judge signing the order did not hear, and could not review, the evidence. Therefore, we find Leonard's argument well-taken. Upon remand, the trial court, either in the person of Judge Petzold, or Judge Brown acting for Judge Petzold, may make a finding. Because the evidence in the original hearing is recorded, the trial court is not required to hold a new hearing, although it may, in the exercise of its discretion, do so.
The Second Assignment of Error is sustained.
 IV
Leonard's Second Assignment of Error having been sustained, the order of the trial court adjudicating Leonard to be a sexual predator is Reversed, and this cause is Remanded for reconsideration of the sexual offender classification issue, in accordance with this opinion.
BROGAN and GRADY, JJ., concur.
[1] Of course, since we are remanding this cause for reconsideration of the sexual offender classification issue, if the trial court was in fact misled by defense counsel's misstatement, it will presumably apply the correct burden of proof upon reconsideration of the issue.
[2] A psychological examination was performed in March, 1995. The report from that examination is in the trial court's record.
[3] From the record, it is clear that Judge Petzold did not hear the evidence presented at the hearing. It is also clear that he did not review the transcript prior to entering the order finding Leonard to be a sexual predator, because that order was filed June 21, 2000, while the transcript was not filed until September, 2000.